OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated April 27, 2012, containing five charges of professional misconduct. After a hearing, the Special Referee sustained charges one, two, and three, but declined to sustain charges four and five. The Grievance Committee now moves to confirm in part, and disaffirm in part, the Special Referee’s report, and to impose such discipline as this Court deems appropriate. The respondent, by her attorney, cross-moves to confirm in part, and disaffirm in part, the Special Referee’s report.
Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). In or about September 2006, the respondent implemented a retirement plan through Ameriprise Financial (hereinafter the Ameriprise IRA), and advised her four employees that she would match 100% of their contributions, up to 3% of their salary. All four employees— Cynthia Albanese, Maria Lynch, Joseph Scalia, and Susan Geyer — chose to participate and contribute 3% of their salary. After the Ameriprise IRA was implemented, the respondent received monthly invoices from an agent of Ameriprise Financial, setting forth the amount to be paid with respect to each of the four employees. In or about October 2006, the respondent began to withhold employee contributions from her employees’ paychecks, and remitted them, along with matching employer contributions, to Ameriprise Financial, through its agent. In or *71 about February 2007, Susan Geyer left the respondent’s employ. Subsequently, the respondent continued to pay the monthly Ameriprise invoices, but struck Geyer’s name from the invoice and deducted her pro rata share from the amount due. Throughout 2008, the respondent continued to withhold funds from the paychecks of her three remaining employees. However, the respondent stopped paying the monthly Ameriprise invoices, which resulted in no employee or employer contributions being made to the employees’ Ameriprise IRA accounts for calendar year 2008. At no time in 2008 did the respondent advise her employees that she had stopped making contributions to their Ameriprise IRA accounts. Notwithstanding the foregoing, the respondent provided each of her three remaining employees, in or about February 2009, with a W-2 Wage and Tax Statement reflecting a 3% pre-tax contribution from their 2008 wages to their individual Ameriprise IRA accounts. At no time in 2008 did the respondent pay her three remaining employees the wages she withheld from their paychecks during 2008 on account of the Ameriprise IRA.
Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c). In addition to the foregoing, each of the respondent’s three remaining employees left the respondent’s employ in 2009. Throughout 2009, the respondent continued to withhold funds from the paychecks of her three remaining employees until they left her employ. However, the respondent also continued in her failure to pay any of the monthly Ameriprise invoices. As a result, no employee or employer contributions were made to the employees’ Ameriprise IRA accounts for calendar year 2009. At no time in 2009 did the respondent advise her employees that she had stopped making contributions to their Ameriprise IRA accounts for calendar years 2008 and 2009, and the respondent did not pay to her three employees the wages withheld from their paychecks during 2008 and 2009 on account of the Ameriprise IRA.
Charge three alleges that, based on the specifications of charges one and two, the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).
*72 Charge five alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h). In addition to the foregoing, in or about February 2010, the respondent acknowledged to former employees Albanese, Lynch, and Scalia that she failed to make contributions to their Ameriprise IRA accounts for calendar years 2008 and 2009. In or about May 2010, the respondent reached an agreement with each of her former employees as to the amount she owed to each of them. However, the respondent refused to remit those agreed-upon amounts unless each of her former employees executed a stipulation of settlement containing a confidentiality provision. In or about mid-June 2010, Albanese filed a grievance with the Grievance Committee for the Tenth Judicial District against the respondent. On or about August 20, 2010, the respondent paid the previously agreed-upon amounts to former employees Lynch and Scalia, who entered into stipulations of settlement with the respondent. Those stipulations did not include a confidentiality provision. In September 2010, Albanese, inter alia, filed a criminal complaint against the respondent with the Suffolk County Police Department. Subsequently, on or about September 24, 2010, the respondent and Albanese entered into a stipulation of settlement. The stipulation did not include a confidentiality provision.
In view of the respondent’s admissions and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained charges one, two, and three. The Special Referee also properly declined to sustain charge four. However, we find that charge five should have been sustained based upon the evidence. Accordingly, the Grievance Committee’s motion to confirm in part, and disaffirm in part, the Special Referee’s report, is granted to the extent that charges one, two, three, and five are sustained, and denied to the extent that charge four is not sustained. The respondent’s cross motion to confirm in part, and disaffirm in part, the Special Referee’s report, is granted to the extent that charge four is not sustained, and is otherwise denied.
In determining an appropriate measure of discipline to impose, we have considered the evidence proffered in mitigation, which reflects the respondent’s reputation for honesty and integrity in, as well as her significant pro bono contributions to, her community. Additionally, we find no evidence that the respondent acted with venality. Moreover, we note that the re *73 spondent was cooperative with the Grievance Committee, and that her employees were made whole. The respondent’s prior disciplinary history consists of two unrelated letters of caution.
Under the totality of the circumstances, the respondent is publicly censured for her misconduct.
Eng, EJ., Mastro, Rivera, Skelos and Chambers, JJ., concur.
Ordered that the petitioner’s motion to confirm in part, and disaffirm in part, the Special Referee’s report, is granted to the extent that charges one, two, three, and five are sustained, and denied to the extent that charge four is not sustained; and it is further,
Ordered that the respondent’s cross motion to confirm in part, and disaffirm in part, the Special Referee’s report, is granted to the extent that charge four is not sustained, and otherwise denied; and it is further,
Ordered that the respondent, Patricia Byrne Blair, admitted as Patricia R. Byrne, is publicly censured for her professional misconduct.